Paul E. PATTON, Governor of the Commonwealth of Kentucky in His Official Capacity as Governor, et al., Appellants,

v.

Bobby L. TIMBROOK, et al., Appellees.

Cathy M. Wise, et al., Appellants,

v.

Brereton C. Jones, Governor of the Commonwealth of Kentucky in His Official Capacity as Governor, et al., Appellees.

Nos. 1999–SC–1036–TG, 1999–SC–1165–DG.

Supreme Court of Kentucky.

Jan. 22, 2004.

Rehearing Denied April 22, 2004.

Stephen P. Durham, Department of Corrections, Office of General Counsel, Mark A. Sipek, Personnel Board, Frankfort, Counsel for Appellants, Paul E. Patton, et al.

William P. Sturm, Sturm & Sturm, Frankfort, Counsel for Appellees, Bobby L. Timbrook, et al.

C. David Emerson, Emerson & Associates, Lexington, Counsel for Appellants, Cathy M. Wise, et al.

Mark A. Sipek, Personnel Board, Rebecca Baylous, Department of Corrections, Office of General Counsel, Stephen P. Durham, Department of Corrections, Office of General Counsel, Frankfort, Counsel for Appellees, Brereton C. Jones, et al.

KELLER, Justice.

## I. ISSUE

This case concerns Kentucky's probation and parole officers' entitlement to salary increases authorized during the 1988 and 1990 sessions of the Kentucky General Assembly. In 1988, the General Assembly enacted a Career Ladder Program for Kentucky's probation and parole officers that provided for salary improvements and stated that those improvements shall be in addition to all other salary increases authorized by law. In 1990, the General Assembly enacted the Salary Equity Fund which provided for salary increases for state employees—including probation and parole officers—but provided that those officers would only receive the greater of the increases authorized under the Career Ladder Program or the Salary Equity Fund. Did the denial of full Salary Equity Fund benefits result in a repeal of the Career Ladder Program? Because full Salary Equity Fund benefits were not authorized by law for Career Ladder Program recipients, the latter enactment did not repeal the Career Ladder Program.

## II. BACKGROUND

In its 1988 legislative session, the Kentucky General Assembly enacted the Probation and Parole Officer Salary Improvement Program.[1] This program, which is also referred to as the Probation and Parole Career Ladder Program (hereinafter "Career Ladder Program"), authorized salary increases for Probation and Parole

---

1. 1988 Ky. Acts Ch. 377 § 1 (codified as KRS 196.076).

Officers based on their years of service.[2] Notably, Section 4 of the Career Ladder Program provided that "[s]alary improvements under [the program] shall be in addition to all other increments or other salary increases authorized by law...."[3] The effective date of the Career Ladder Program was July 1, 1990.[4]

Subsequently, during the 1990 legislative session, and prior to the Career Ladder Program's effective date,[5] the legislature's 1990 Budget Bill established the State Employee Salary Equity Fund (hereinafter "Salary Equity Fund").[6] The Salary Equity Fund provided for an annual salary increase for state employees in grades two (2) through nine (9).[7] Probation and parole offices were listed as grade nine (9) employees[8] and thus qualified for an increase under the Salary Equity Fund. The effective date of the increases under the Salary Equity Fund was September 1st of each fiscal year of the budget.[9]

On or about July 1, 1990, when the Career Ladder Program became effective, all eligible officers received salary increases under that program. But, on or about September 1, 1990, when the Salary Equity Fund became effective, officers otherwise eligible for a salary increase under the fund received an increase only if the Salary Equity Fund resulted in an increase greater than the officer received under the Career Ladder Program. In other words, if an officer's increase was greater under the Career Ladder Program, the officer did not receive an increase under the Salary Equity Fund. The officers thus received the greater of the benefits authorized under either the Career Ladder Program or the Salary Equity Fund, but not both.

The probation and parole officers in Case Number 1999–SC–001036–TG (hereinafter "Timbrook claimants") and in Case Number 1999–SC–001165–D (hereinafter "Wise claimants") filed separate actions in the Franklin Circuit Court seeking declarations that they were entitled to the full amount of the salary increases authorized under both the Career Ladder Program and the Salary Equity Fund.

The trial court decided the Wise claimants' case first, and entered judgment that they were entitled to the full amount of both increases. Upon appeal of the judgment, the Court of Appeals agreed with much of the trial court's analysis, but ultimately reversed the judgment after holding that the doctrine of sovereign immunity prevented the Wise claimants from recovering the increases. The Wise

---

**2.** Probation and Parole Officers with less than five (5) years of service received no salary increase; those officers with five (5) but less than ten (10) years of service received a salary increase of five (5%) percent, and those officers with ten (10) years or more of service received a salary increase of ten (10%). 1988 Ky. Acts Ch. 377 § 1(1)-(3) (codified as KRS 196.076(1)-(3)).

**3.** 1988 Ky. Acts Ch. 377 § 1(4) (codified as KRS 196.076(4) (now KRS 196.076(5))).

**4.** 1988 Ky. Acts Ch. 377 § 3.

**5.** The Budget Bill was passed on April 13, 1990, and while the first increase under the Salary Equity Fund was not effective until September 1, 1990, the effective date of the 1990 Budget Bill was July 1, 1990 (the beginning of the fiscal year).

**6.** 1990 Ky. Acts Ch. 514 Part III § 20.

**7.** Eligible employees received $1,000.00 on September 1, 1990 and an additional $500.00 on September 1, 1991. 1990 Ky. Acts Ch. 514 Part III § 20.

**8.** 1990 General Assembly Statutory Final Enacted Budget Memorandum FB 1990–92 Commonwealth Budget (hereinafter "Budget Memorandum") at A–4.

**9.** *Supra* note 7.

claimants then sought and were granted discretionary review by this Court.

Based on its previous ruling for the Wise claimants, the trial court then entered judgment for the Timbrook claimants. Notice of appeal of this judgment to the Court of Appeals was filed, and subsequently a motion to transfer to this Court was filed and granted. We consolidated the actions in this Court.

## III. ALLEGED REPEAL OF CAREER LADDER PROGRAM

The Wise and Timbrook claimants successfully argued in the trial court, and the Wise claimants also in the Court of Appeals, that the 1990 Budget Bill improperly repealed the 1988 Career Ladder Program and thereby eliminated the continuation of the Career Ladder increases as provided for in Section 4 of the 1988 enactment. The claimants contend that, in so doing, the Budget Bill violated: (1) Section 51 of the Kentucky Constitution, by failing to comply with the title and publication requirements;[10] (2) KRS 446.085,[11] by repealing a statute in the budget bill; and (3) KRS 446.145,[12] by repealing KRS 196.076 without specifi-

cally identifying it as being repealed. Accordingly, claimants argue that they are entitled to both the Career Ladder Program and Salary Equity Fund increases because the Budget Bill provisions repealing the Career Ladder Program were unconstitutional and unlawful.

The lower courts' determinations that the Budget Bill repealed the Career Ladder Program rely primarily on the following provision in the Budget Bill:

All statutory continuing appropriations in existence at the time this Act takes effect are discontinued and repealed by this Act except as provided by Chapters 12, 42, 56, 96A, 133, 152, 177, 341, and 441 of the Kentucky Revised Statutes. All statutes and portions of statutes in conflict with any of the provisions of this Section, to the extent of such conflict, are hereby repealed, unless otherwise provided by this Act.[13]

We must read this provision, however, in light of other provisions of the Budget Bill and the accompanying Budget Memorandum. The legislature expressly noted in the 1990 Budget Memorandum that the 1990–92 Budget *continued the funding previously established for the Career Ladder Program.*[14] Additionally, the legisla-

---

10. "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length." KY Const § 51.

11. "Nothing in a budget bill adopted by the general assembly shall be construed to effect a repeal or amendment in the Kentucky Revised Statutes, and if any repeal or amendment appears to be effected in any of the Kentucky Revised Statutes, it shall be disregarded, shall be null and void, and the law as it existed prior to the effective date of the budget bill shall be given full force and ef-

fect." KRS 446.085(1) (Repealed 1994 Ky. Acts Ch. 387 § 32).

12. "Bills repealing a section of the statutes shall list the statute number and headnote." KRS 446.145(4).

13. 1990 Ky. Acts Ch. 514 Part III § 5.

14. Budget Memorandum at 89 ("The General Assembly ... provides funding for the Probation and Parole Career Ladder Program, pursuant to KRS Chapter 439[]...."). Section 2 of the Act that established the Career Ladder Program amended KRS 439.315 to increase the fees thereunder for persons placed "on probation, parole, or other form of release subject to supervision by the corrections cabinet[]...." 1988 Ky. Acts Ch. 377 § 2. The

ture—in the same section that established the Salary Equity Fund in the Budget Bill—restricted funds where an appropriation was provided for salary upgrades:

> Salary equity funds shall not be in addition to the appropriation provided to specified budget units for salary upgrades for any employees in the operating budget. To the extent specified salary upgrades result in a lesser amount than that to which the employee's job class is entitled under this provision, salary equity funds may be used to supplement the upgrade moneys for such employees within the above fixed award amounts.[15]

And, consistent with this restriction, the legislature expressed its intent as to how the Career Ladder Program and Salary Equity Fund together would apply to probation and parole officers:

> It is the intent of the Kentucky General Assembly that the salary adjustments for probation and parole officers shall be the greater of the Probation and Parole Career Ladder Program pursuant to KRS Chapters 196 and 439, or the salary equity plan as provided in Part III of the 1990–92 Biennial Appropriations Act, as enacted by the 1990 Kentucky General Assembly. It is further the intent of the Kentucky General Assembly that funds provided for the Probation and Parole Career Ladder Program shall be used to supplement the necessary costs of providing these salary adjustments for probation and parole officers.[16]

Consequently, upon consideration of other pertinent provisions of the Budget Bill and the Budget Memorandum, we find that the Budget Bill, rather than repealing the Career Ladder Program when enacting the Salary Equity Fund, in fact continued the Program, but limited benefits under the Salary Equity Fund to those officers whose benefits thereunder would exceed their benefits under the Career Ladder Program. In other words, while probation and parole officers are entitled to both Career Ladder Program benefits and "to all other increments or other salary increases authorized by law," the legislature in its Budget Bill *did not authorize full Salary Equity Fund benefits for them.* It was not required to do so. Salary Equity Fund benefits for probation and parole officers were only authorized to supplement their Career Ladder Program benefits so "that the salary adjustments for probation and parole officers shall be the greater of the Probation and Parole Career Ladder Program ... [ ] or the salary equity plan...." Accordingly, if an officer's benefits under the Career Ladder Program exceeded Salary Equity Fund benefits, the Budget Bill did not authorize any further salary adjustment for the officer under the Salary Equity Fund. However, if an officer's Career Ladder Program benefits did not exceed full Salary Equity Fund benefits, the Budget Bill only authorized payment of Salary Equity Fund benefits to the extent necessary to upgrade the officer's benefits to

---

increase in supervision fees was obviously a funding source for the increases provided for under the Career Ladder Program enacted simultaneously therewith. Accordingly, the reference to "provid[ing] funding for the [Career Ladder Program], pursuant to KRS Chapter 439" constitutes the legislature's expression that the increase in supervision fees as previously authorized shall continue to "provide[ ] funding for the [Career Ladder

Program]." The General Assembly did not, therefore, discontinue or repeal the Career Ladder Program or its funding in the Budget Bill Act, but instead expressly provided for its continuation "by [the] Act."

**15.** 1990 Ky. Acts Ch. 514 Part III § 20.

**16.** *Id.*

the level of full Salary Equity Fund benefits. The Budget Bill therefore authorized an officer to receive both Career Ladder Program benefits and *partial* Salary Equity Fund benefits, but not Career Ladder Program benefits and *full* Salary Equity Fund benefits.

Because we find that the Budget Bill did not repeal the Career Ladder Program, we do not reach the claimed constitutional and statutory violations.

## IV.  CONCLUSION

For the above reasons, we affirm the result reached by the Court of Appeals in 1999–SC–1165–DG, reverse the trial court's judgment in 1999–SC–1036–TG and remand each to the trial court for entry of judgments in accordance with this opinion.

LAMBERT, C.J.;  COOPER, GRAVES and JOHNSTONE, JJ., concur.

STUMBO and WINTERSHEIMER, JJ., dissent without opinion.